UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE HAYNES, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PLOSIA COHEN, LLC,<br><br>Defendant(s). | Civil Case No.:<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, ANDRE HAYNES on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, PLOSIA COHEN LLP ("PLOSIA COHEN"), its employees, agents, and successors ("Defendant") the following:

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

ANDRE HAYNES
460 Prospect Place
Brooklyn, New York 11238

PLOSIA COHEN, LLC
Chester Woods
Complex 385 Route 24
Chester, New Jersey 07930

**PRELIMINARY STATEMENT**

2. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person, a resident of Kings County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. PLOSIA COHEN is a limited liability company law firm which maintains a location at Chester Woods, Complex 385 Route 24, Chester, New Jersey 07930.

9. Upon information and belief, PLOSIA COHEN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. PLOSIA COHEN regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. PLOSIA COHEN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey and New York consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey and New York consumers who PLOSIA COHEN attempted to collect a debt from another, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of

persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 11, 2022, Plaintiff allegedly incurred a financial obligation to Accord Power, Inc. ("Accord")

16. The ACCORD obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The ACCORD obligation did not arise out of a business transaction.

18. The ACCORD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. ACCORD is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to February 11, 2022 ACCORD, either directly or through intermediate transactions assigned, placed, or transferred the ACCORD obligation to PLOSIA COHEN for the purpose of collection.

21. At the time ACCORD placed or transferred the ACCORD obligation to PLOSIA COHEN, the obligation was past due.

22. At the time ACCORD placed or transferred the ACCORD obligation to PLOSIA COHEN, the obligation was in default.

23. PLOSIA COHEN caused to be delivered to Plaintiff a letter dated February 11, 2022, concerning the alleged ACCORD obligation.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24. The February 11, 2022 letter was sent to Plaintiff in connection with the collection of the ACCORD obligation.

25. The February 11, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. The February 11, 2022 was the initial written communication that Plaintiff received from PLOSIA COHEN.

27. No other written communication was received by Plaintiff from PLOSIA COHEN within five days of the February 11, 2022 letter.

28. Upon receipt, Plaintiff read the February 11, 2022 letter.

29. The February 11, 2022 letter stated in part: "Re: <u>Accord Power: Breach of Contract</u>"

30. The February 11, 2022 letter further stated in part:

"This law firm represents Accord Power, Inc. *in connection with your outstanding debt of approximately $25,000* for a Solar PV system that Accord had installed based on its contract with you. *Due to your failure to pay, Accord intends to pursue litigation against you to recover monies owed*, which Accord is prepared to do by way of judgment and lien if necessary.

Please contact me no later than close of business on Friday, February 18, 2022 to resolve this matter *prior to Accord initiating litigation against you*. If you fail to respond as requested, Accord reserves all legal rights against you. Be guided accordingly."

(emphasis added)

31. The February 11, 2022 was sent on PLOSIA COHEN's law firm letterhead.

32. The February 11, 2022 letter was signed by Jonathan F. Cohen, who is a partner of PLOSIA COHEN, and listed in the top left corner of the masthead of the letter.

33. Upon information and belief, no attorney at PLOSIA COHEN is licensed to practice law in the State of New York.

34. The February 11, 2022 letter does not contain a notice advising Plaintiff that PLOSIA COHEN is a debt collector, attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. § 1692e(11).

35. The February 11, 2022 letter does not contain any of the notices required by 15 U.S.C. § 1692g(a)(3) through (5) to be given to Plaintiff.

36. PLOSIA COHEN's threat in the February 11, 2022 letter that litigation would be initiated if Plaintiff did not contact PLOSIA COHEN by February 18, 2022 overshadows and contradicts the protections afforded Plaintiff by 15 U.S.C. § 1692g(a)(3) through (5).

37. PLOSIA COHEN's threat in the February 11, 2022 letter that litigation would be initiated if Plaintiff did not contact PLOSIA COHEN by February 18, 2022 violates 15 U.S.C. §1692e(5).

38. PLOSIA COHEN knew or should have known that its actions violated the FDCPA.

39. PLOSIA COHEN could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendant's policy and practice to violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening an action that could not legally be taken; and

(c) Failing to provide the notices required to be provided by the FDCPA.

41. On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

42. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. Collection letters and/or notices, such as those sent by PLOSIA COHEN, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. As described herein, Defendant violated 15 U.S.C. §1692e(5).

45. As described herein, Defendant violated 15 U.S.C. §1692e(11).

46. As described herein, Defendant violated 15 U.S.C. §1692g(a)(3).

47. As described herein, Defendant violated 15 U.S.C. §1692g(a)(4).

48. As described herein, Defendant violated 15 U.S.C. §1692g(a)(5).

49. As described herein, Defendant violated 15 U.S.C. §1692g(b).

50. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

53. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

54. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

55. Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 28, 2022

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.
> jkj@legaljones.com
>
> *s/ Benjamin J. Wolf*
> Benjamin J. Wolf, Esq.
> bwolf@legaljones.com
> JONES, WOLF& KAPASI, LLC
> 375 Passaic Avenue
> Fairfield, New Jersey 07004
> Phone: (973) 227-5900

Fax: (973) 244-0019
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

# Plosia Cohen

*Mail to:*

| James L. Plosia, Jr.<br>Jonathan F. Cohen<br>Joseph D. Youssouf<br>Natalie N. Fisher | Chester Woods<br>Complex 385 Route 24<br>Chester, NJ 07930<br>(908) 888-2547 (p)<br>(908)888-2548 (f)<br>www.pclawnj.com<br>Writer's email: jcohen@pclawnj.com | Monmouth Office:<br>P.O. Box 809<br>Manalapan, NJ 07726<br>(732) 972-3010 |

February 11, 2022

*Via Email (███████████) and Regular Mail*
Andre Haynes
460 Prospect Pl.
Brooklyn, New York 11238

    Re:    <u>Accord Power: Breach of Contract</u>

Dear Mr. Haynes:

    This law firm represents Accord Power, Inc., in connection with your outstanding debt of approximately $25,000 for a Solar PV system that Accord had installed based on its contract with you. Due to your failure to pay, Accord intends to pursue litigation against you to recover monies owed, which Accord is prepared to do by way of judgment and lien if necessary.

    Please contact me no later than close of business on Friday, February 18, 2022 to resolve this matter prior to Accord initiating litigation against you. If you fail to respond as requested, Accord reserves all legal rights against you. Be guided accordingly.

                                Sincerely yours,

                                  Jonathan F. Cohen

JFC/st